UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THERESA GIACCHETTO,

                                Plaintiff,        **ANSWER TO AMENDED COMPLAINT**

        -against-                              CV-11-6323 (ADS) (AKT)

PATCHOGUE-MEDFORD UNION FREE
SCHOOL DISTRICT,
                                Defendant.
------------------------------------------------------------------------X

        Defendant PATCHOGUE-MEDFORD UNION FREE SCHOOL DISTRICT, by and through its attorneys, SOKOLOFF STERN LLP, answers plaintiff's amended complaint as follows:

        1.     Denies the allegations set forth in paragraph "1" of the amended complaint, except admits that plaintiff purports to bring this action as set forth therein.

        2.     Denies the allegations set forth in paragraph "2" of the amended complaint, except admits that plaintiff purports to assert jurisdiction as set forth therein.

        3.     Denies the allegations set forth in paragraph "3" of the amended complaint, except admits that plaintiff purports that venue is proper.

        4.     Denies the allegations set forth in paragraph "4" of the amended complaint, except admits that plaintiff filed a complaint with the New York State Division of Human Rights.

        5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the amended complaint.

        6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the amended complaint, except admits that the

Patchogue-Medford Union Free School District is a public school district organized under the laws of the State of New York, and that it employs over fifty employees.

7. Denies the allegations set forth in paragraph "7" of the amended complaint.

8. Denies the allegations set forth in paragraph "8" of the amended complaint.

9. Admits the allegations set forth in paragraph "9" of the amended complaint.

10. Denies the allegations set forth in paragraph "10" of the amended complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the amended complaint.

14. Denies the allegations set forth in paragraph "14" of the amended complaint.

15. Denies the allegations set forth in paragraph "15" of the amended complaint.

16. Denies the allegations set forth in paragraph "16" of the amended complaint, except admits that Mr. Katz asked that plaintiff grant him permission to discuss her medical condition with her doctor.

17. Admits the allegations set forth in paragraph "17" of the amended complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19. Denies the allegations set forth in paragraph "19" of the amended complaint.

20. Denies the allegation set forth in paragraph "20" of the amended complaint.

21. Denies the allegations set forth in paragraph "21" of the amended complaint.

22. Denies the allegations set forth in paragraph "22" of the amended complaint.

23. Denies the allegations set forth in paragraph "23" of the amended complaint.

24. Denies the allegations set forth in paragraph "24" of the amended complaint.

25. Denies the allegations set forth in paragraph "25" of the amended complaint.

26. Denies the allegations set forth in paragraph "26" of the amended complaint.

27. Denies the allegations set forth in paragraph "27" of the amended complaint, except admits that plaintiff filed a second complaint with the State Division of Human Rights that alleged discrimination and retaliation.

28. Denies the allegations set forth in paragraph "28" of the amended complaint.

29. Denies the allegations set forth in paragraph "29" of the amended complaint.

30. Denies the allegations set forth in paragraph "30" of the amended complaint.

31. Denies the allegations set forth in paragraph "31" of the amended complaint.

32. Denies the allegations set forth in paragraph "32" of the amended complaint.

33. Denies the allegations set forth in paragraph "33" of the amended complaint.

34. Denies the allegations set forth in paragraph "34" of the amended complaint.

35. Denies the allegations set forth in paragraph "35" of the amended complaint.

36. Denies the allegations set forth in paragraph "36" of the amended complaint.

37. Denies the allegations set forth in paragraph "37" of the amended complaint.

38. Denies the allegations set forth in paragraph "38" of the amended complaint.

39. Denies the allegations set forth in paragraph "39" of the amended complaint.

40. Denies the allegations set forth in paragraph "40" of the amended complaint.

41. Admits the allegations set forth in paragraph "41" of the amended complaint.

42. Denies the allegations set forth in paragraph "42" of the amended complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the amended complaint.

44. Denies the allegations set forth in paragraph "44" of the amended complaint.

45. Denies the allegations set forth in paragraph "45" of the amended complaint.

46. Denies the allegations set forth in paragraph "46" of the amended complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the amended complaint.

48. Denies the allegations set forth in paragraph "48" of the amended complaint.

49. Denies the allegations set forth in paragraph "49" of the amended complaint.

50. Denies the allegations set forth in paragraph "50" of the amended complaint.

51. Denies the allegations set forth in paragraph "51" of the amended complaint, except admits that plaintiff was assigned to teach third grade at Barton Elementary School.

52. Denies the allegations set forth in paragraph "52" of the amended complaint, except admits that the District provided plaintiff with (1) twenty-four hours to review any documents before asking Ms. Giacchetto to sign the document; (2) advanced notice of the topics to be discussed at meetings whenever reasonably feasible; and (3) the scheduling of meetings in the afternoon when reasonably feasible.

53. Admits the allegations set forth in paragraph "53" of the amended complaint.

54. Admits the allegations set forth in paragraph "54" of the amended complaint.

55. Denies the allegations set forth in paragraph "55" of the amended complaint.

56. Denies the allegations set forth in paragraph "56" of the amended complaint, and all of its sub-parts.

57. Denies the allegations set forth in paragraph "57" of the amended complaint, and all of its sub-parts.

58. Denies the allegations set forth in paragraph "58" of the amended complaint.

59. Denies the allegations set forth in paragraph "59" of the amended complaint.

60. Denies the allegations set forth in paragraph "60" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61. The amended complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62. Plaintiff elected her remedies by filing complaints with the New York State Division of Human Rights and, therefore, is barred from pursuing them in this forum.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63. Defendant had legitimate, non-discriminatory reasons for its actions.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64. This action is barred by the doctrine of unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65. Plaintiff failed to avail herself of the District's anti-discrimination and/or anti-retaliation policies.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66. This action is barred by the principles set forth in Faragher v. City of Boca Raton, 524 U.S. 775 (1998), and its progeny.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

67. Plaintiff has failed to comply with the conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

68. This action is barred by the statute of limitations in whole or in part.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69. Any injury alleged to have been sustained by the plaintiff was the result of plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties and was not the proximate result of any act of the defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

70. At all times relevant to the acts alleged in the amended complaint, the answering defendant acted reasonably, properly and in the lawful exercise of its discretion.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

71. Defendant has not violated any rights, privileges or immunities under the Constitution or the laws of the United States or the State of New York, nor has defendant violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

72. Plaintiff has failed to mitigate her damages, if any, as claimed in this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred by her failure to comply with the conditions precedent to suit including, but not limited to, General Municipal Law § 50-e and Education Law § 3813.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

74. Plaintiff filed this action without having received the required Right to Sue letter from the EEOC and, therefore, this Court lacks subject matter jurisdiction.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

75. Defendant has not engaged in any discriminatory or retaliatory conduct.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

76. Defendant's employment policies and practices conform to the requirements of all applicable federal and state laws including, but not limited to, the Americans with Disabilities Act, and all of its amendments, and the New York State Human Rights Law, and are administered in a manner that is consistent with defendant's legal obligations.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

78. Plaintiff does not suffer from a disability within the meaning of the Americans with Disabilities Act or the New York State Human Rights Law.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

79. To the extent that plaintiff purports to have suffered from a disability, defendant engaged in an interactive process with her and her requests were reasonably accommodated to the extent that they did not constitute undue hardships.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

80. This action is barred based upon plaintiff's failure to comply with the conditions precedent to suit.

Dated: Westbury, New York
       August 20, 2012

                                      SOKOLOFF STERN LLP
                                      Attorneys for Defendant

By: _____
                                      Steven C. Stern
                                      355 Post Avenue, Suite 201
                                      Westbury, New York 11590
                                      (516) 334-4500
                                      Our File No. 110094

TO:
Via ECF
LEEDS MORELLI & BROWN, P.C.
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, NY  11514